UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                           **DECISION AND ORDER**
                                                                            12-CR-088S

JOSE GONZALEZ,

                              Defendant.

## I. INTRODUCTION

Presently before this Court are several recently-filed motions in limine. This Court will assume the parties' familiarity with the facts.

## II. DISCUSSION

### A. Michael Garrick, Ph.D.

The Government seeks to preclude the testimony of Dr. Michael Garrick, whom Defendant seeks to introduce as an expert witness on DNA. The Government contends that he is not qualified to render an opinion and that, even if found qualified, any opinion he might render would be impermissible because it would simply regurgitate the DNA report of Michelle Lillie, the forensic biologist who composed the report on which Dr. Garrick intends to rely.[1]

With respect to his qualifications, based on the in-court representations of Gonzalez's attorney at a status conference on November 8, 2013 and Dr. Garrick's curriculum vitae, this Court finds him sufficiently qualified under Rule of Evidence 702. This Court also finds, at this time, the defense's disclosure with respect to Dr. Garrick to

---

[1] Michelle Lillie *is* available to testify.

be adequate.

Moving to the next objection, this Court finds that so long as the DNA report or reports at issue are sufficiently authenticated, Dr. Garrick may be able to offer testimony on those reports as business records under Rule of Evidence 803(6). See, e.g., Ellis v. Phillips, No. 04CIV.7988(SHS)(AJP), 2005 WL 1637826, at *23 (S.D.N.Y. July 13, 2005) (Peck, M.J.) (DNA report properly admitted through expert witness who did not compose the report.) But, of course, the proper foundation for the exception must be laid before any testimony to this effect will be admitted.

A similar issue often arises when the government seeks to introduce inculpatory DNA evidence against a defendant through the testimony of a lab technician who did not perform the DNA test or write the final report. This, of course, implicates the defendant's right to confront a witness against him under the Sixth Amendment's Confrontation Clause. See, e.g., Melendez-Diaz v. Massachusetts, 557 U.S. 305, 307, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009). In a role reversal, the Government here points to a series of cases addressing this issue in an effort to argue that the testimony of Dr. Garrick is improper. But a pivotal distinction renders those cases irrelevant: this testimony is not being offered against Gonzalez. The Sixth Amendment provides that "the accused shall enjoy the right . . . to be confronted with the witnesses *against him*." U.S. Const. amend. VI (emphasis added). Because Dr. Garrick will not be testifying against Gonzalez – indeed he will be called by Gonzalez to testify to exculpatory evidence on Gonzalez's behalf – his right of confrontation is not threatened.

This is not to say, however, that Dr. Garrick can render an opinion with respect to the ultimate conclusion of the DNA reports. Although the defense can admit the reports –

as business records if the foundation is properly laid – through Dr. Garrick, who is presumably qualified to comprehend the procedures and conclusions outlined therein, because Dr. Garrick has conducted no tests of his own, performed no independent analysis, and was not present when the testing was performed, he cannot render an independent conclusion based on the reports. In other words, Dr. Garrick may possibly be permitted to recite the contents of the reports and testify to the accepted nature of the practices and procedures described therein, but he cannot render an opinion as to the conclusion drawn from the data in the reports.

**B.     Gonzalez's post-arrest spontaneous statements**

According to the Government, "[w]hile being processed, the defendant spontaneously made statements as follows:

> He was only doing a favor for [severed co-defendant] Luis Osorio the night he was arrested by officers from the Buffalo Police Department. He was moving Osorio to a new house and he didn't like it when he saw Osorio put the shotgun in the back seat of the car. While in lock up at the Erie county Holding Center, Osorio told him not to worry about the gun because it didn't work, and Osorio told him he would do five years in prison if he was offered, and Osorio said he could do five years in jail no problem."

(Gov.'s Motion in Limine at 8–9, Docket No. 82.)

The government seeks to introduce only the portion of defendant's statement that "he saw Osorio put the gun in the back seat of the car." But this Court finds that truncating this statement would violate the "rule of completeness." See Fed. R. Evid. 106. "Under this principle, even though a statement may be hearsay, an 'omitted portion of the statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial

understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007) (citing United States v. Castro, 813 F.2d 571, 575–76 (2d Cir.1987)) (modifications omitted). Indeed, this Court finds that, to varying degrees and with respect to the portion of the statement that precedes the portion that the Government seeks to introduce, all the reasons articulated for the rule by the Johnson court are present here. The portion that follows, however, is irrelevant and provides no context. Accordingly, so long as the Government seeks to admit part of the statement, the initial portion of the statement must also be admitted.[2]

**C.    Remaining issues**

Any remaining issues, including those with respect to "Protected Witness No. 1," will be addressed at a later date.

### III. ORDERS

IT HEREBY IS ORDERED, that the Government's Motion in Limine (Docket No. 82) is GRANTED in part and DENIED in part.

FURTHER, that Defendant's Motion in Limine (Docket No. 92) is GRANTED in part and DENIED in part.

Dated:   November 8, 2013
         Buffalo, New York

                                                      /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                               Chief Judge
                                              United States District Court

---

[2] To be absolutely clear, the admitted portion of the statement would read as follows: "He was only doing a favor for [severed co-defendant] Luis Osorio the night he was arrested by officers from the Buffalo Police Department. He was moving Osorio to a new house and he didn't like it when he saw Osorio put the shotgun in the back seat of the car."