UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                        **DECISION AND ORDER**
                                                      12-CR-088S

JOSE GONZALEZ,

                        Defendant.

## I. INTRODUCTION

A federal grand jury returned a five-count indictment against Jose Gonzalez and his co-Defendant Luis Osorio, both of whom are prior-convicted felons. Counts 1, 3, 4, and 5 – each of which contained an aiding-and-abetting charge under 18 U.S.C. § 2 – applied to Jose Gonzalez, who was eventually severed from Osorio.[1] The case proceeded to trial, and on November 19, 2013, a jury convicted Gonzalez of one count of that indictment, that which charged him with possessing a short-barreled shotgun. See 26 U.S.C. §§ 5845(a), 5861(c). Although this Court administered a form of what is known as an Allen charge[2] – emphasizing the importance of a unanimous verdict while reminding individual jurors not to surrender their convictions – the jury could not reach a unanimous verdict on two other counts, which, respectively, charged Gonzalez with being a felon in possession of a firearm

---

[1] The petit jury received a redacted copy of the indictment. Along with removing any mention of co-Defendant Osorio, the redacted indictment also removed the one count in which Gonzalez was not charged, and renumbered the counts accordingly. Although the filed copy of the redacted indictment contains a handwritten "redacted" notation for identification purposes, the copy provided to the jury did not contain this notation or any other indication that the indictment was redacted.

[2] The jury instruction's name derives from case decided well over a century ago, Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896), in which the Supreme Court upheld a supplemental charge given to a federal jury in Arkansas that, among things, urged a hypothetical "dissenting juror" to "consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself."

and with possessing a non-registered firearm. See 18 U.S.C. § 922(g); 26 U.S.C. 5681(d). This Court declared a mistrial on those counts. Finally, Gonzalez was found not guilty of the final count, charging him with possession of a firearm with a defaced serial number. See 18 U.S.C. § 922(k).

Gonzalez now moves for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure on renumbered counts 1 (felon in possession), 2 (possession of a short-barreled shotgun), and 3 (possession of a firearm with a defaced serial number).

## II.  BACKGROUND

The parties agree that the evidence at trial established the following.

In the small hours of December 14, 2011, Jose Gonzalez was driving his friend, Luis Osorio, in a misappropriated Nissan Pathfinder on the city streets of Buffalo, N.Y. Gonzalez had taken the vehicle without permission from his sometime girlfriend, Anna Aguilar.  Brian Connors, a Buffalo Police Officer on patrol that night, saw the Pathfinder and knew that it has been reported stolen. He followed the vehicle for a short time. Gonzalez, perhaps noticing the police cruiser in his mirror,  eventually pulled the vehicle into a nearby parking lot. Both Osorio and Gonzalez exited the vehicle without being ordered to do so. Officer Connors then instructed them to place their hands in the air and remain still. They both complied. At some point, however, Osorio attempted to escape, but he was eventually tracked down by another police officer. Gonzalez did not attempt to flee; he complied with all the officer's directions.

Officer Connors eventually peered into the back window with his flashlight and discovered a shotgun on the floor of the backseat. The firearm, recovered from the vehicle that early morning, was later determined to be a Mossberg, Model 500A, 12-gauge

shotgun. Its barrel was shortened to under 18 inches in length, its serial number was defaced, and it was loaded with one 12-gauge round (another 12-gauge round was also recovered from the vehicle).

A federal arrest warrant was eventually issued for Gonzalez. Acting under the authority of that warrant, Special Agent Thomas Rodriguez, of the Bureau of Alcohol Tobacco and Firearms, arrested and assisted in processing Gonzalez. In the course of that interaction, Gonzalez said, without prompting, that he was doing Osorio a favor by helping him move and that he "didn't like it when he saw Mr. Osorio actually put the shotgun into the vehicle." (Trial Tr. 161:6-10.)

At the close of trial, this Court, *sua sponte*, raised issues regarding the sufficiency of the evidence. See Fed. R. Crim. P. 29(a) ("The court may on its own consider whether the evidence is insufficient to sustain a conviction."). After allowing the parties to respond, this Court found that the Government could not proceed on an aiding-and-abetting theory on renumbered counts 1 and 3 because there was no evidence that Osorio – the one who Gonzalez allegedly aided and abetted in the commission of the crimes charged in those counts – was a felon. Nor did the Government present any evidence suggesting that the firearm was not registered to Osorio. The Government bears the burden of proof on these necessary elements of the crimes charged. And therefore, since there was no evidence suggesting that Osorio committed these crimes, Gonzalez could not be convicted of assisting him in their commission. See, e.g., United States v. Ruffin, 613 F.2d 408, 412 (2d Cir. 1979) ("It is hornbook law that a defendant charged with aiding and abetting the commission of a crime by another cannot be convicted in the absence of proof that the crime was actually committed.").

## III. DISCUSSION

Under Rule 29(a) of the Federal Rules of Criminal Procedure, a court must, upon a defendant's motion, "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A defendant may move for a judgment of acquittal after the government closes its evidence, after the close of all evidence, or after the jury has returned its verdict and been discharged. See Rule 29(a) and (c)(1). A defendant may also renew a previously denied Rule 29 motion, so long as renewal occurs within 14 days after the guilty verdict or discharge of the jury, whichever is later. See Rule 29(c)(1).

The making of a motion for a judgment of acquittal before the court submits the case to the jury is not a prerequisite for making such a motion after the jury is discharged. See Rule 29(c)(3). "[W]hen a motion for judgment of acquittal made at the close of the government's case-in-chief is denied and a defendant presents a case, then the evidence put in by the defense will also be considered in deciding a [Rule 29] motion made after the trial ends." United States v. Truman, 762 F. Supp. 2d 437, 445 (N.D.N.Y. 2011).

A defendant challenging the sufficiency of the evidence, as Gonzalez does here, bears a heavy burden. United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008); United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001). "In evaluating whether the evidence was sufficient to convict a defendant, [a reviewing court] consider[s] all of the evidence, both direct and circumstantial, 'in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government.'" United States v. Velasquez, 271 F.3d 364, 370 (2d Cir. 2001) (quoting United States v. Walker, 191 F.3d 326, 333 (2d Cir. 1999)).

When considering the trial evidence, "the court must be careful to avoid usurping the role of the jury." United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003). The court may not "substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks and citations omitted). Determining the witnesses' credibility falls strictly within the province of the jury. Guadagna, 183 F.3d at 129 (noting that the court must defer to the jury even if the evidence would also support, in the court's opinion, a different result).

A judgment of acquittal is warranted only if the court concludes that the evidence is non-existent or so meager that no rational trier of fact could find the defendant guilty beyond a reasonable doubt. Velasquez, 271 F.3d at 270; Guadagna, 183 F.3d at 130. The court must consider the evidence "in its totality, not in isolation, and the government need not negate every possible theory of innocence." United States v. Cote, 544 F.3d 88, 98 (2d Cir. 2008); see Guadagna, 183 F.3d at 130 ("[E]ach fact may gain color from the others").

****

Gonzalez argues the evidence at trial was insufficient for the jury to find that he possessed the Mossberg shotgun. From that premise, he logically proceeds to argue that the evidence was also insufficient for the jury to find that he possessed a short-barreled, non-registered shotgun.

As an initial matter, this Court must address the *potentially* inconsistent jury verdict. The jury found Gonzalez guilty of renumbered count 2, which charged him with possession of a short-barreled shotgun, but not count 1, which charged him with being a felon in

5

possession of shotgun. Since both counts share the crucial and contested element of possession, both would *seemingly* rise or fall on the same proof.  Of course, the jury could have found that the gun did not travel in interstate commerce or that the Gonzalez was not a previously-convinced felon – elements of the first count but not of the second. But those issues were not in dispute. It is much more likely that the jury found Gonzalez guilty under the aiding-and-abetting principle. That would explain the discrepancy, since this Court permitted the Government to proceed under an aiding-and-abetting theory on count 2, but not on count 1. Because this Court must "adopt a view of the case, if there is one, that resolves any seeming inconsistency," see Turley v. Police Department of City of New York, 167 F.3d 757, 760 (2d Cir. 1999), it will address the question whether there was sufficient evidence on which the jury could rely in finding that Gonzalez aided and abetted Osorio in the possession of a short-barreled shotgun.

This Court instructed the jury that to find Gonzalez guilty of possession of short-barreled shotgun, the Government must prove beyond a reasonable doubt  that, first, on or about the date alleged in the indictment, the Defendant possessed the firearm; second, that the Defendant had knowledge that what he was possessing was a firearm; and third, that the firearm was made in violation of the law. It further instructed the jury that it could find Gonzalez guilty as if he were the principal if it found beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

This Court now finds that the evidence was sufficient for the jury to conclude that Gonzalez aided and abetted Osorio in the commission of the crime of possessing a short-

barreled shotgun. Evidence at trial suggested that the Mossberg shotgun belonged to Osorio. According to Special Agent Rodriguez, Gonzalez himself stated that the firearm was Osorio's. This leads to a reasonable inference that Osorio knew the shotgun had the characteristics – a barrel less than 18 inches in length – rendering it subject to regulation. Turning to Gonzalez, he procured the vehicle and had control of it. And he knew that the weapon was located in the backseat. According to his own statement, he was helping Osorio move his belongings to a new residence. This sufficiently establishes that Gonzalez knowingly associated himself in some way with the crime, and that he knowingly sought by some act to make the crime succeed. See, e.g., Rosemond v. United States, 134 S. Ct. 1240, 1245 (2014) ("[T]hose who provide knowing aid to persons committing federal crimes, with the intent to facilitate the crime, are themselves committing a crime."). Gonzalez's motion on count 2 is therefore denied.

Because the Government could not proceed under an aiding-and-abetting theory on counts 1 and 3, the evidence must also be sufficient for a reasonable jury to find that Gonzalez himself committed the crimes associated with being a felon in possession of a short-barreled, non-registered shotgun.

The Government contended at trial that Gonzalez constructively possessed the firearm. "Constructive possession exists when a person has the power and intention to exercise dominion and control over an object." United States v. Payton, 159 F.3d 49, 56 (2d Cir.1998). Indeed, "[t]o sustain a conviction under section 922(g), the government need not prove that [the defendant] physically possessed the firearm; rather, proof of constructive possession is sufficient" and "[i]t is of no moment that other individuals also may have exercised control over the weapons." United States v. Dhinsa, 243 F.3d 635,

7

676, 677 (2d Cir. 2001).  Viewing the evidence in a light most favorable to the Government, as it must, this Court finds that the evidence was sufficient.

There is no dispute that Gonzalez was operating the vehicle and thus had so-called "dominion and control" over the Pathfinder. There is also no dispute that the shotgun was visibly located inside the vehicle behind the driver's seat. The evidence also established, to a necessary degree, that the shotgun was not in the car when Gonzalez took it from Anna Aguilar. Accordingly, the proximity of the firearm to the driver's seat, Gonzalez's admission that he knew the firearm was located inside the vehicle, and the fact that he exercised control over the vehicle, all amounted to sufficient evidence on which a jury could rely to find that Gonzalez constructively possessed the firearm. See Dhinsa, 243 F.3d at 676 ("In making this determination, courts examine, *inter alia*, whether the defendant exercised dominion and control over the premises in which the firearms are located."). See also United States v. Sherod, 110 F.3d 61 (4th Cir. 1997) (defendant, as vehicle's driver, exercised extensive dominion and control over the car, sufficiently establishing constructive possession of its contents);  United States v. Hiebert, 30 F.3d 1005, 1009 (8th Cir.1994) (finding constructive possession because firearm was "found in the vehicle that [the defendant] was driving"). United States v. Speer, 30 F.3d 605, 611 (5th Cir. 1994) (defendant had constructive possession of weapon where defendant was driver of vehicle in which passenger was in visible possession of firearm); Cammick v. City of New York, 96 CIV. 4374 (RPP), 1998 WL 796452 (S.D.N.Y. Nov. 17, 1998) (citing Torres v. Hanslmaier, 94 Civ. 4082(MGC), 1995 U.S. Dist. LEXIS 6193 at *6– *7 (S.D.N.Y. May 2, 1995)) ("The common law provides that a person constructively possesses tangible property when she exercises 'dominion and control' over the property by having a sufficient level of control

8

over the area where the contraband is found.").

Further, there is no real dispute – either at trial or now – that the weapon was not registered to Gonzalez (knowledge that the firearm was not registered isn't required, see United States v. Freed, 401 U.S. 601, 607, 91 S. Ct. 1112, 1117, 28 L. Ed. 2d 356 (1971)); that it traveled in interstate commerce, and that Gonzalez is a previously-convicted felon. For these reasons, Gonzalez's motion on count 1 (felon in possession) and count 3 (possession of a non-registered firearm) is denied.

****

Gonzalez has failed to establish that insufficient evidence underlies his conviction, or that any other reason exists to enter a judgment of acquittal in his favor. His motion seeking this relief is therefore denied.

## IV. CONCLUSION

For the reasons stated above, Gonzalez's motion for a judgment of acquittal is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for a Judgment of Acquittal (Docket No. 132) is DENIED.

SO ORDERED.

Dated:   April 16, 2014
            Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court